**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ROOSEVELT BRAZELL
ADC # 100810                                                                                                              PLAINTIFF

V.                                        5:09CV00059 JMM/HDY

GERALD ROBINSON, Sheriff, Jefferson County;
RONNIE COLE, Administrator, Jefferson County
Sheriff Department; TYRA TYLER, Major, Jefferson
County Sheriff Department; and ED ADAMS, Captain,
Jefferson County Sheriff Department                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a prisoner at the Jefferson County jail known as the W.C. "Dub" Brassell Detention Center, initiated this action by filing a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging various constitutional claims. The Court has granted Plaintiff leave to proceed *in forma pauperis* (docket entry #4) but the Court's correspondence sent to Plaintiff at his last known address, the Detention Center, has been returned as undeliverable. On March 31, 2009, the Court entered an Order denying Plaintiff's request for the appointment of counsel and directing Plaintiff to notify the Court of his current address, within fourteen days of the Order's entry date, if he intended to pursue prosecution of his case. *See* docket entry #7. Plaintiff has not, however, submitted a response to the

Court's Order, which was also returned as undeliverable (docket entry #9).

Under the circumstances, the case is appropriate for dismissal for failure to prosecute or otherwise comply with Local Rule 5.5(c)(2), which provides that if any communication from the Court to a *pro se* litigant is not responded to within thirty days, the case may be dismissed without prejudice. However, after carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are frivolous and he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is

represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### III. Analysis

Plaintiff has alleged two claims: a conditions of confinement claim, and a denial of access to the courts claim. His Eighth Amendment claim is that "there is no water fountain inside the pods" and the inmates "have to get [their] drinking water from the sinks where we brush our teeth, wash our face and shave. And, on top of that our pods aren't cleaned everyday as they should be."

Plaintiff does not claim that the drinking water supply is inadequate, or that it is dirty, or has caused him to be sick, or even that it tastes bad. He is simply complaining because the drinking water that was available came out of the sinks instead of a drinking fountain. The same element is lacking in his claim about the cleanliness of the pods - there is no harm alleged as a result of condition. There is nothing here that states a claim of constitutional dimensions because there is no injury alleged, nor any responsibility attributed to any of the named Defendants. Therefore, the Court recommends a finding that this claim is legally frivolous.

Plaintiff's second claim concerns an alleged denial of access to the Courts. He states first that the inmates have had no access to the law library since Defendant Cole became jail administrator, and second that the jail's policy of allowing only two letters per week deprives him of the ability to write to his lawyer.

Plaintiff's allegation of no law library access at the jail fails to state a claim of denial of access to courts. Availability of law libraries is only one of the many constitutionally acceptable methods of assuring meaningful access to the courts. Inmates must be provided with some access to legal materials or to legal assistance so that they can prepare and pursue their complaints. *Myers*

*v. Hundley*, 101 F.3d 542, 544 (8th Cir.1996). Moreover, to state a denial of access to courts, an inmate must assert that he suffered an actual injury to a pending or contemplated legal claim. There is no "abstract freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996).

Plaintiff does not allege he has suffered actual injury to a pending or contemplated legal claim. Plaintiff had sufficient legal access to file this lawsuit and to make necessary filings in this case, and was generally competent in pursuing his claims, with the exception of failing to comply with Local Rule 5.5(c)(2). Furthermore, Plaintiff states that he was represented by an attorney. The United States Court of Appeals for the Eighth Circuit has held that when an inmate has representation, a prison official's denial of access to a law library is not a denial of meaningful access to the courts. *See Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007). *See also Bounds v. Smith*, 430 U.S. 817, 828 (1977)(holding that prison authorities must provide inmates with adequate law libraries or adequate assistance from persons trained in the law).

Plaintiff has also alleged that the jail's policy of allowing "two letters and two sheets of paper"infringes on his access to the courts, because "if I have to write my attorney I have to decide not to write cause I have already written two letters already to my family [and] now I'm not able to write my legal counsel . . . ." It is not clear from Plaintiff's claim whether this limit is based on indigent supply provisions of only "two sheets of paper" per week or an actual limit on each inmate in the number of pieces of outgoing mail. In either event, however, Plaintiff is stating that he has chosen to write to his family instead of his attorney – a choice which may have serious consequences for a criminal defendant, but a choice which Plaintiff himself made, not necessarily a result forced upon him by the actions or policy of the Defendants. Accordingly, the Court also recommends that

5

Plaintiff's claims of denial of access to the courts be dismissed as well.

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that this action be DISMISSED.

IT IS FURTHER RECOMMENDED that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this  27   day of April, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .